UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE FLOWERS,

        Petitioner,

v.                               CASE NO. 05-CV-74617-DT
                                HONORABLE NANCY G. EDMUNDS

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF THE HABEAS CORPUS PETITION
AND DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY**

This matter is pending before the Court on Petitioner's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254 and Respondent's motion for summary judgment and dismissal of the habeas petition. The Court has concluded that Petitioner's claim about the state courts' treatment of his post-conviction motion lacks merit and that his underlying Fourth Amendment claim is time-barred. Therefore, Respondent's motion will be granted, and the habeas petition will be dismissed.

## I. Introduction

### A. The State Court Proceedings

A Wayne County Circuit Court jury convicted Petitioner in 1994 of armed robbery, MICH. COMP. LAWS § 750.529, unlawfully driving away an automobile (UDAA), MICH. COMP. LAWS § 750.413, and possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. On October 26, 1994, the trial court sentenced Petitioner to two

*Flowers v. Booker*, No. 05-74617

years in prison for the felony firearm conviction, followed by concurrent terms of twenty to forty years for the armed robbery and two to five years for UDAA.

In an appeal of right, Petitioner argued through counsel that (1) the trial court's limitations on his cross-examination of the complainant deprived him of a fair trial, (2) the lineup was impermissibly suggestive, (3) the trial court erred in admitting lineup photographs, and (4) the prosecutor's opening and closing arguments deprived him of a fair trial. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished *per curiam* decision. *See People v. Flowers*, No. 182146 (Mich. Ct. App. Apr. 11, 1997). On March 31, 1998, the Michigan Supreme Court denied leave to appeal. *See People v. Flowers*, No. 109656 (Mich. Sup. Ct. Mar. 31, 1998).

On August 17, 1999, Petitioner filed a motion for relief from judgment through counsel. He argued that (1) a misdemeanor theft conviction was used to impeach him, (2) erroneous jury instructions deprived him of a fair trial, (3) trial counsel was ineffective, (4) the prosecutor gave unsworn testimony, (5) the evidence was insufficient to support his UDAA conviction, and (6) the cumulative effect of errors required a new trial. The trial court denied Petitioner's motion on the ground that Petitioner had failed to show "cause" for not raising his claims on appeal and actual prejudice from the alleged irregularities supporting his claims.

Petitioner appealed the trial court's decision through counsel, but the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. Both courts stated in brief orders consisting of one sentence that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Flowers,* No. 226172 (Mich. Ct. App. Aug. 18,

*Flowers v. Booker*, No. 05-74617

2000); *People v. Flowers*, No. 117844 (Mich. Sup. Ct. Mar. 27, 2001).

On May 19, 2003, Petitioner filed a motion to quash or to set aside his convictions. He alleged that his arrest was illegal and that the trial court did not have subject matter jurisdiction. The trial court denied his motion after concluding that a review of the record yielded no constitutional infringements and that Petitioner had not established entitlement to the requested relief. Petitioner appealed the trial court's decision, but the Michigan Court of Appeals dismissed his application for lack of jurisdiction pursuant to Michigan Court Rule 6.502(G).[1] *See People v. Flowers*, No. 253223 (Mich. Ct. App. Apr. 14, 2004). The Michigan Supreme Court also denied leave to appeal on the ground that Petitioner's motion was prohibited by Rule 6.502(G). *See People v. Flowers*, No. 126241 (Mich. Sup. Ct. Dec. 29, 2004).

### B. The Federal Court Proceedings

Petitioner's habeas corpus petition is dated November 20, 2005. The issue reads:

> Whether the Michigan courts on appeal recharacterization under MCR 6.502(G) without notice involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States where new evidence after trial and direct review denied Petitioner due process and equal protection of the law to a hearing in violation of Mich. Const. 1963, Art. 1, Sec. 17, 20, Art. 1, Sec. 2.

Underlying this claim about the state courts' recharacterization of Petitioner's post-conviction motion is a Fourth Amendment claim that Petitioner was arrested without probable clause. Petitioner alleges that the fruits of his illegal arrest should have been suppressed.

---

[1] Rule 6.502(G) provides that, after August 1, 1995, defendants may file only one motion for relief from judgment unless the motion is based on a retroactive change in the law or a claim of new evidence.

*Flowers v. Booker*, No. 05-74617

Respondent argues in a motion for summary judgment and dismissal of the habeas petition that Petitioner has not complied with the statute of limitations. Petitioner's reply brief reiterates his claim about the state courts' recharacterization of his post-conviction motion. Petitioner urges the Court to strike Respondent's motion as frivolous and because it does not address the merits of Petitioner's claim.

## II.  Discussion

### A.  Petitioner's Claim about the State Court's Treatment of his Motion

Petitioner alleges that the state appellate courts erred when they construed his motion to quash as a second or successive motion for relief from judgment and denied leave to appeal on that basis.[2] Petitioner relies on *Castro v. United States*, 540 U.S. 375 (2003), to support this claim.

The Supreme Court held in *Castro* that a court may not recharacterize a *pro se* litigant's motion as the litigant's first motion to vacate sentence under 28 U.S.C. § 2255 unless the court (1) informs the litigant of its intent to recharacterize the motion, (2) warns the litigant that the recharacterization will subject subsequent § 2255 motions to the "second or successive" restrictions of § 2255 ¶8, and (3) provides the litigant with an opportunity to withdraw or to amend the filing. *Id*. at 383. This holding applies to federal courts' interpretation of a federal prisoner's *pro se* motions. It has no application to a state court's construction of a state prisoner's motions.

---

[2] This claim is timely, because it was filed within one year of the date of the decisions under attack.

*Flowers v. Booker*, No. 05-74617

Furthermore, "state courts are the ultimate expositors of state law . . . ." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Federal courts are bound by a state court's construction of state law except in extreme circumstances not present here, such as when a state court's interpretation of state law appears to be an obvious subterfuge to evade consideration of a federal issue. *Id*. at 691 & 691 n.11. "[I]t is for the Michigan court to say what Michigan law is," and this Court is bound by the Michigan courts' interpretation of its law. *Duffy v. Foltz*, 804 F. 2d 50, 54 (6th Cir. 1986). Petitioner is not entitled to habeas relief, because the state courts' treatment of Petitioner's motion was not contrary to, or an unreasonable application of, any Supreme Court decision.

### B.  Petitioner's Fourth Amendment Claim

Petitioner's underlying claim is that he was arrested without probable cause in violation of the Fourth Amendment to the United States Constitution. The Court finds this claim to be time-barred for the following reasons.

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

*Flowers v. Booker*, No. 05-74617

>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B and C of the statute are not applicable here, because there was no impediment to filing a timely application and because Petitioner is not relying on a new constitutional right. Subsection D is not applicable because the factual predicate for Petitioner's Fourth Amendment claim concerning his arrest could have been discovered before Petitioner appealed his conviction. Consequently, the statute of limitations began to run when Petitioner's convictions became final. A conviction ordinarily becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)).

The state court proceedings on direct appeal of Petitioner's convictions came to a close on March 31, 1998, when the Michigan Supreme Court denied leave to appeal. Petitioner's conviction became final ninety days later on June 29, 1998, when the deadline expired for seeking a writ of certiorari in the Michigan Supreme Court. *Bronaugh*, 235 F.3d at 283; Sup. Ct. Rule 13.1. The statute of limitations began to run on the following day, *Bronaugh*, 235 F.3d at 284-85, and it expired one year later on June 29, 1999.

Although the time during which a properly filed post-conviction motion is pending in state court may not be counted toward the period of limitation, 28 U.S.C. § 2244(d)(2), the one-year limitation period expired before Petitioner filed his post-conviction motions. The motions did not effect the statute of limitations, *Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir.

6

*Flowers v. Booker*, No. 05-74617

2002), nor delay the date on which Petitioner's conviction became final. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

### B.  Equitable Tolling

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).  However, the United States Court of Appeals for the Sixth Circuit has determined that the statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), and that equitable tolling applies to the one-year limitation period applicable to habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001).  A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.  In this Circuit, courts must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary."  *Dunlap*, 250 F.3d at 1009.  The *Andrews v. Orr* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008.  These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.  *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable

*Flowers v. Booker*, No. 05-74617 tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged any other basis for equitably tolling the statute of limitations. Therefore, equitable tolling is not appropriate here, and Petitioner's Fourth Amendment claim is barred by Petitioner's failure to comply with the statute of limitations. The Court also notes that Fourth Amendment claims generally are not cognizable on habeas review. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

### III.  Conclusion

The one-year limitation period expired before Petitioner filed his habeas corpus petition, and there is no basis for equitable tolling of the statute. Therefore, Petitioner's underlying Fourth Amendment claim is time-barred. Petitioner's claim about the state court's treatment of his post-conviction lacks substantive merit. Accordingly, Respondent's motion for summary judgment and dismissal of the habeas petition [Doc. 5, June 15, 2006] is GRANTED, and the habeas petition [Doc. 1, Dec. 6, 2005] is dismissed.

The Court DECLINES to grant a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's claims unreasonable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Nor would reasonable jurists debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling is correct. *Id*.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2006, by electronic and/or ordinary mail.

                                          s/Carol A. Hemeyer
                                          Case Manager